**In the United States District Court for the
Western District of Missouri
Western Division**

| | |
|---|---|
| Roger G. Burnett<br>19 North Water<br>Liberty, Missouri 64068<br><br>and<br><br>Roger M. Driskill<br>19 North Water<br>Liberty, Missouri 64068<br><br>and<br><br>Burnett & Driskill,<br>a General Partnership consisting of<br>two partners, namely<br>Roger G. Burnett and Roger M. Driskill<br>19 North Water<br>Liberty, Missouri 64068<br><br>      Plaintiffs,<br>vs.<br><br>Mathew Grundy<br>30 Camelot Place<br>Liberty, Missouri 64068<br><br>Grundy Disability Group, LLC<br>a Missouri Limited Liability Company<br>Serve: Mathew Grundy<br>  Registered Agent<br>  134 N. Water Street<br>  Liberty, Missouri 64068<br><br>and<br><br>Karen Cyzick<br>411 Piper Glen<br>Gray, Tennessee 37615<br><br>      Defendants. | **Jury Demanded** |

**Complaint for Copyright Infringement, Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030, Tampering with Computer Data and Equipment, R.S.Mo. § 537.525, Tampering with Computer Data, R.S.Mo. § 569.095. Conversion, Unfair Competition, Breach of Contract, Misappropriation of Trade Secrets, and for an Accounting**

COME NOW Plaintiffs and for their cause of action against Defendants state:

## THE PARTIES

1. Plaintiff Roger G. Burnett is, and at all relevant times has been, a citizen and resident of Clay County, Missouri, engaged in the practice of law at 19 North Water Street, Liberty, Missouri 64068.

2. Plaintiff Roger M. Driskill is, and at all relevant times has been, a citizen and resident of Clay County, Missouri, engaged in the practice of law at 19 North Water Street, Liberty, Missouri 64068.

3. Plaintiff Burnett & Driskill is a General Partnership consisting of two partners, namely Roger G. Burnett and Roger M. Driskill, engaged in the practice of law at 19 North Water, Liberty, Missouri 64068.

4. The law practice of Roger G. Burnett, Roger M. Driskill, and Burnett & Driskill is devoted to helping disabled people obtain benefits under disability insurance programs and policies. For example, the firm represents clients seeking benefits from the Social Security Administration ("SSA").

5. Upon information and belief, Defendant Mathew Grundy is a citizen and resident of Clay County, Missouri, residing at 30 Camelot Place, Liberty, Missouri 64068.

6. Upon information and belief, Defendant Grundy Disability Group, L.L.C. ("GDG") is a Missouri Limited Liability Company doing business in Missouri and Kansas and lists as its registered agent, Defendant Mathew Grundy at 134 N. Water Street, Liberty, Missouri 64068.

7. Upon information and belief, Defendant Karen Cyzick, is an individual residing at both 411 Piper Glen, Gray, Tennessee 37615 and 671 Frigate Drive, Unit 9221, Ellijay, GA 30540. Ms. Cyzick can be served at both addresses.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that Counts I and II of this Complaint are claims brought under the Copyright Act, namely 17 U.S.C. § 101 et seq., and the Computer Fraud and Abuse Act, namely 18 U.S.C. § 1030 et seq.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims relate to the Counts over which the Court has original federal question jurisdiction.

10. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. §§ 139l(b) and (c) because a substantial portion of the events, acts and/or omissions giving rise to this litigation occurred in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1400.

## BACKGROUND FACTS

11. The law office of Burnett & Driskill was founded in 1991 and has been engaged in the practice of disability law with a commitment to helping people who are disabled by illness, injury or other serious conditions.

12. The identity of Burnett & Driskill's clientele is not known generally, is confidential and is considered to be a valuable asset to the Partnership.

13. To better manage its valuable and confidential information about the firm's clients and practice, Burnett & Driskill invested substantial resources to develop a software program (including computer code, screen displays, and operating instructions/manuals) called "SSInform software system" ("SSInform").

3

14. SSInform constitutes copyrightable subject matter and is an original work of authorship. Burnett & Driskill has obtained a registration for this work from the United States Copyright Office and Burnett & Driskill owns all the copyrights in the Registered Work.

15. Burnett & Driskill has spent approximately Three Hundred Fifty-Three Thousand, Nine Hundred Twenty-Nine Dollars ($353,929.25) in development and maintenance of the software since April 2009.

16. Burnett & Driskill's success is dependent upon its ability to protect its confidential and proprietary business information. If that infonnation were shared with its competitors, Burnett & Driskill's ability to operate its business successfully would be severely compromised.

17. Defendant Grundy began his employment with Burnett & Driskill in October 2006 as an associate attorney. Grundy assisted the firm's partners (Roger Burnett and Roger Driskill) in representing the firm's clients.

18. On July 1, 2010, Burnett, Driskill and Grundy entered into a Partnership Agreement, attached hereto as Exhibit A. Pursuant to the terms of this Partnership Agreement, Grundy was a non-equity partner who was not required to contribute any capital and had no obligations to pay debts or other obligations of the Partnership.

19. The Partnership Agreement also stated that Grundy had no ownership or equity in the assets of the partnership or right to any income from the partnership, except as otherwise provided by the Partnership Agreement.

20. According to the Partnership Agreement, Burnett, Driskill and Grundy each received compensation in the form of draws, the amount of which was determined by the managing partner based on the firm's revenues, expenses and capital needs.

21. The Partnership Agreement further included a Proprietary Interest and Non-Disclosure section on page 3, clause 11. **See** Exhibit A.

22. The Proprietary Interest section of the Partnership Agreement stated that the partners agree that all systems, documents, computer programs, information used on computers and in conjunction with computer programs, names of current clients and names of former clients, referring sources, advertising methods, names of organizations that 'in services' were given, names of persons or entities that the Social Security Newsletter were sent information flow-sheets, and work designation documents are proprietary matters developed through the efforts of the Partnership.

23. The Non-Disclosure section further stated that "During the time this partnership continues to exist, none of the partners shall disclose, directly or indirectly, to or through any person or entity any information concerning any of Burnett & Driskill's proprietary matters."

24. The Partnership Agreement also stated that a mandatory injunction - as well as any other remedy at law or equity - may be used to enforce the aforementioned covenants.

25. According to the Partnership Agreement, Grundy could leave the Partnership at any time but "shall receive no compensation except the amount he is entitled to withdraw for the month he leaves the Partnership."

26. Grundy's employment with Burnett & Driskill ended on July 22, 2013.

27. In violation of the terms of the Partnership Agreement and in violation of his obligations under the Missouri Rules of Professional Conduct, Grundy has been cashing checks issued by the SSA for work that the Partnership performed for Burnett & Driskill clients and which, according to the Partnership Agreement, Mr. Grundy is not entitled.

28. Karen Cyzick began working for Burnett & Driskill in approximately 1993.

29. Prior to her termination on July 22, 2013, Cyzick was Disability Coordinator and Office Manager for Burnett & Driskill.

30. Shortly after her termination, Cyzick downloaded and forwarded to herself certain confidential client information owned by Burnett & Driskill. Specifically, she downloaded and forwarded to herself client newsletter information and referrals.

31. Defendants Grundy and Cyzick, prior to their terminations, obtained all access codes to all programs and servers belonging to Burnett & Driskill and also obtained software source code and database backup procedures for SSInfonn from the programmer, Rodd Graham.

32. Upon information and belief, Defendants are still in possession of the confidential information and trade secrets contained in the SSInfonn software program and have failed and refused, and continue to fail and refuse, to return the confidential information and trade secrets contained in the SSInfonn software program despite repeated demands to cease use and destroy all copies of the software program and other confidential and/or trade secret information in their possession.

33. Upon information and belief, both Grundy and Cyzick had pecuniary interest motives in improperly obtaining the SSInform program source codes and transferring it to GDG. The SSInform program contains valuable client information which will result in increased business and financial gain to both Grundy and Cyzick.

## COUNT I

### CLAIMS AGAINST MATHEW GRUNDY, GRUNDY DISABILITY GROUP, LLC, AND KAREN CYZICK FOR COPYRIGHT INFRINGEMENT

34. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 33 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

35. Defendants violated Plaintiffs' exclusive rights in the Registered Work by copying, displaying, or creating derivatives of the Registered Work.

36. Plaintiffs have been damaged by Defendants' acts of copyright infringement and will continue to be damaged unless Defendants are enjoined by this Court.

37. Defendants' infringing activity, as set forth above has been done knowingly and willfully and without authorization from the copyright owner.

## COUNT II

### CLAIMS AGAINST MATHEW GRUNDY, GRUNDY DISABILITY GROUP, LLC, AND KAREN CYZICK FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

38. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 37 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

39. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., permits any person who suffers damage or loss by reason of criminal activity prohibited by this federal statute to bring a civil action for damages and injunctive relief.

40. Plaintiffs' internal computer systems, used in interstate commerce and/or communication, are password protected computer programs. Plaintiffs' employees access

information stored on the internal computer systems to provide many services to its customers, including benefits from Social Security Insurance.

41. Defendants either individually or in concert intentionally accessed Plaintiffs' computer system without authorization after their employment was terminated.

42. Defendants knowingly and with intent to defraud, accessed Plaintiffs' protected computers without authorization and in doing so obtained something of value (protected client information and other trade secrets) in excess of Five Thousand Dollars ($5,000.00).

43. Plaintiffs have been required to retain an attorney to prosecute this action, and are therefore entitled to an award of reasonable attorney fees and cost incurred herein.

## COUNT III

### CLAIMS AGAINST MATHEW GRUNDY, GRUNDY DISABILITY GROUP, LLC, AND KAREN CYZICK FOR TAMPERING WITH COMPUTER DATA, R.S.MO. § 569.095 AND R.S.MO. § 537.525

44. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 43 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

45. Defendants knowingly and without authorization obtained passwords, source codes, backup procedures and other confidential information about Plaintiffs' computer system or network and in so doing received, retained, used or disclosed data obtained in violation of R.S.Mo. § 569.095 (1)(4).

46. Defendants knowingly and without authorization took data, programs or supporting documentation residing in Plaintiffs' computer system or computer network in violation of R.S.Mo. § 569.095 (1)(3).

47. Defendants knowingly and without authorization accessed Plaintiffs' computer system or computer network and intentionally examined information about other persons in violation of R.S.Mo. § 569.095 (1)(5).

48. Defendants committed the acts described above for the purpose of devising and executing a scheme to defraud Plaintiffs, and appropriate Plaintiffs' confidential client information and corporate opportunities for themselves, the value of which is above five hundred dollars ($500.00).

49. As a direct and proximate cause of the results of Defendants' actions as set forth in this Count III, Plaintiffs have suffered losses to date believed to be in excess of One Million Dollars ($1,000,000.00) (the exact amount to be determined after discovery and before trial) and will continue to incur fees, costs and other expenditures in conjunction with its efforts to verify whether and to what extent its computer system and data has been altered, damaged, or deleted by Defendants' unauthorized access in an amount yet to be determined.

50. Plaintiffs bring this civil claim pursuant to R.S.Mo. § 537.525.

51. R.S.Mo. § 537.525 provides a private cause of action by the owner of any "computer system, computer network, computer program, computer service or data" against anyone who violates R.S.Mo. § 569.095. R.S.Mo. § 537.525 also awards reasonable attorney fees to a prevailing Plaintiffs.

52. Defendants actions in obtaining source codes for the SSInform program as well as all logins/passwords and access codes to all programs and servers belonging to Plaintiffs without authorization was willful, intentional and calculated to enrich Defendants and inflict economic harm on Plaintiffs. This constitutes a violation of R.S.Mo. § 569.095 such that Plaintiffs have a civil cause of action against Defendants as provided by Mo. Rev. Stat. § 537.525.

9

# COUNT IV

## CLAIMS AGAINST MATHEW GRUNDY, GRUNDY DISABILITY GROUP, LLC, AND KAREN CYZICK WRONGFUL TAKING OF PERSONAL PROPERTY

53. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 52 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

54. Plaintiffs spent hundreds of hours to collect the confidential and valuable client information stored in the SSInform software system.

55. SSInform program and its content are the sole property of Roger Burnett for the exclusive and internal use of Plaintiffs.

56. By obtaining, acquiring, misappropriating, retaining, and/or otherwise taking the source codes, database backup procedures and downloading the contents of the program for their personal use, Defendants assumed or exercised a right of ownership over Plaintiffs' property.

57. Following her tennination, Cyzick downloaded and forwarded to herself certain confidential information owned by Plaintiffs. Specifically, Karen downloaded client newsletters and referrals.

58. Defendants' assumption or exercise of ownership of Plaintiffs' property was unauthorized by Plaintiffs and was to the exclusion of and disregard for Plaintiffs' rights thereto.

59. As a result of Defendants' actions, Plaintiffs have suffered actual damages in excess of One Million Dollars ($1,000,000.00) and will continue to suffer damages unless enjoined by this Court.

## COUNT V

### CLAIMS AGAINST MATHEW GRUNDY, GRUNDY DISABILITY GROUP, LLC, AND KAREN CYZICK FOR CONVERSION

60. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 59 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

61. Pursuant to SSA rules, a claimant's attorney enter his or her appearance as an individual attorney and not on behalf of a law firm. Therefore, the partners of Burnett & Driskill (including Defendant Grundy) each entered an appearance in every case the firm handled before the SSA.

62. Consistent with the Partnership Agreement, all fees received from the SSA were considered firm revenues to be distributed to the partners as determined by the managing partner.

63. The Partnership Agreement further provided that Grundy was not entitled to any additional compensation payments after he left the law firm.

64. In violation of the Partnership Agreement's terms and agreements, Grundy submitted a change of address to the SSA and has been cashing checks issued by the SSA for work performed by the Partnership for Plaintiffs' clients.

65. By obtaining, acquiring, misappropriating, retaining, and/or otherwise cashing checks belonging to Plaintiffs, Grundy assumed or exercised a right of ownership over Plaintiffs' property.

66. Grundy's assumption or exercise of ownership of Plaintiffs' property was unauthorized by Plaintiffs and was to the exclusion of and disregard of Burnett & Driskill's rights thereto.

67. As a result of these actions, Plaintiffs have suffered losses in excess of One Million Dollars ($1,000,000.00).

## Count VI

### Claims Against Mathew Grundy, Grundy Disability Group, LLC, and Karen Cyzick for Unfair Competition

68. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 68 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

69. Misappropriating and using Plaintiffs' SSA form program and other confidential information to solicit and serve customers in breach of the Partnership Agreement constitutes unfair competition and is the proximate cause of substantial injury and damage to Burnett & Driskill.

70. Grundy's and GDG's false advertising and manipulation of Plaintiffs' advertising materials amounts to unfair competition because it is meant to confuse consumers within the market place. For instance, when a person clicks on Plaintiffs' web link on LinkedIn, the page opens to Grundy Disability Group and not Plaintiffs' webpage. As a result, Grundy's and GDG's actions are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Grundy and GDG with Plaintiffs or as to the origin, sponsorship, or endorsement of Grundy and GDG by Plaintiffs.

71. Grundy's and GDG's acts of unfair competition have harmed Plaintiffs and will continue to harm Plaintiffs unless enjoined by this Court.

72. Grundy's and GDG's acts of unfair competition have been willful and deliberate.

## COUNT VII

### CLAIM AGAINST MATHEW GRUNDY FOR BREACH OF CONTRACT

73. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 72 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

74. There existed a legally enforceable Partnership Agreement between Grundy, Burnett, and Driskill.

75. Pursuant to the terms of the Partnership Agreement, Grundy agreed that all systems, documents, computer programs, infonnation used on computers and in conjunction with computer programs, names of current clients and former clients, advertising methods, flow sheets and work designation documents were proprietary matters not in the public domain and owned by the Partnership.

76. Furthermore, the Partnership Agreement stated that all revenues received from the SSA were considered firm revenues to be distributed to the partners as determined by the managing partner, and that Grundy was not entitled to any additional compensation payments after he left the law firm.

77. In violation of the Partnership Agreement's terms and agreements, Grundy submitted a change of address to the SSA and has been cashing checks issued by the SSA for work performed by the Partnership for Partnership clients.

78. Grundy breached the terms of the Partnership Agreement by obtaining, acquiring, misappropriating, retaining, and/or otherwise cashing checks belonging to Plaintiffs and without authorization.

79. Further, Grundy breached the terms of the Partnership Agreement by improperly and without authorization, obtaining the source codes for SSInform and downloading confidential and proprietary information stored in the software for his own personal use and private gain.

80. As a result of Grundy's breach of contract, Plaintiffs have been damaged in excess of One Million Dollars ($1,000,000.00).

## COUNT VIII

### CLAIMS AGAINST MATHEW GRUNDY, GRUNDY DISABILITY GROUP, LLC, AND KAREN CYZICK FOR MISAPPROPRIATION OF TRADE SECRETS

81. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 80 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

82. During their employment, Defendants were giving access to confidential and proprietary trade secrets belonging to Plaintiffs.

83. Plaintiffs have made a substantial investment in money, time, manpower, research, technology and other resources in developing its nonpublic confidential and proprietary matters which include all systems, documents, computer programs, names of current and former clients, referring sources, advertising methods, flow sheets and work designation documents.

84. Such information constitutes not only current but prospective, economic advantage for Burnett & Driskill in a highly competitive market.

85. Plaintiffs' confidential and proprietary information, product and service development data, marketing information, client and prospective client information, advertising methods, cost and pricing infonnation, data and infonnation maintained on all its computers, networks, systems, among other things, constitutes trade secrets within the meaning of the Missouri Uniform Trade Secrets Act ("MUTSA"), R.S.Mo. § 417.450 et seq. (1995).

86. Defendants conduct described in all the counts, including but not limited to their exercising control over the confidential information, using it without authorization for their own purposes and disclosing it to third parties, constitutes a violation of MUTSA.

87. As a direct and proximate result of defendants' actions, as set forth in this Count, Plaintiffs have suffered actual loss in excess of One Million Dollars ($1,000,000.00) (the exact amount to be determined after discovery and before trial).

88. Defendants have profited from the unlawful and improper actions described in this Count and must disgorge any ill-gotten gains including any profits realized from their improper actions to date.

## COUNT IX
## CLAIM AGAINST MATHEW GRUNDY AND GRUNDY DISABILITY GROUP, LLC FOR AN ACCOUNTING

89. Plaintiffs incorporate herein by reference each and every statement and allegation contained in paragraphs 1 through 88 of this Complaint and restate and reallege herein each and every statement and allegation contained therein.

90. Plaintiffs are in need of discovery in order to ascertain the precise nature and extent of the wrongs committed by Defendants Mathew Grundy and Grundy Disability Group, LLC.

91. The complicated nature of the accounts make it necessary for the Court to enter such orders as are required for Defendants Mathew Grundy and Grundy Disability Group, LLC to provide a full and complete accounting of the monies, accounts, and other assets that they have wrongfully taken from Plaintiffs.

92. There existed between the parties a fiduciary or trust relationship.

93. There is no adequate of legal remedy that will permit Plaintiffs and the Court to gain an accurate understanding of the nature and extent of the monies, accounts, and other assets that Defendants Mathew Grundy and Grundy Disability Group, LLC have wrongfully appropriated.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that this Court

89. Issue a preliminary and permanent injunction restraining, enjoining and prohibiting Defendants from:

   (a) directly or indirectly utilizing any confidential information belonging to Plaintiffs,

   (b) engaging in any business activity or dirty tricks geared towards diverting or taking away any customer of Plaintiffs,

   (c) possessing or accessing Plaintiffs' client lists or possessing or accessing any documents created by Plaintiffs, and

   (d) infringing the copyrights in the Registered Work.

90. Issue an order directing Defendants to immediately desist from using the SSInform Program, destroy all existing copies and derivatives, and sign a sworn affidavit that they have ceased use and destroyed all copies and derivatives.

91. Issue a protective order according to R.S.Mo. § 417.459 to preserve the secrecy of Plaintiffs' trade secret by all reasonable means, including: granting protective orders in connection

with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose Plaintiffs' trade secret without prior court approval.

92. Award Plaintiffs the actual damages it suffered and any profits of Defendants that are attributable to the infringement of the Registered Work.

93. Enter civil penalties pursuant to 18 U.S.C. § 1030.

94. Award Plaintiffs their compensatory damages in an amount to be proven at trial.

95. Award Plaintiffs reimbursement of their reasonable attorneys' fees, costs and expenses incurred in bringing and prosecuting this action, pursuant to R.S.Mo. § 537.525(2) and all other costs and further relief as Plaintiffs may show they are entitled to receive or which the Court may determine to be just and equitable under the circumstances.

95. Provide a full, just and true accounting of all monies, accounts and other assets that Defendants, and each of them, have wrongfully appropriated.

96. For such other and further relief as the Court deems just.

HANKINS, CONKLIN & HILTON, P.C.

/s/   *Thomas E. Hankins*
Thomas E. Hankins - Bar #26005
6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118-2587
Telephone:  (816) 436-3100
Fax:  (816) 436-8643
Email: tomhankinslaw@cs.com

**Attorney for Plaintiffs**

## Jury Demand

The Plaintiffs demand a jury trial on all issues triable by jury.

HANKINS, CONKLIN & HILTON, P.C.


 /s/   *Thomas E. Hankins*
Thomas E. Hankins - Bar #26005
6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118-2587
Telephone:  (816) 436-3100
Fax:  (816) 436-8643
Email: tomhankinslaw@cs.com

**Attorney for Plaintiffs**